UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRUDENCE BUSHNELL, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>THE ISLAMIC EMIRATE OF AFGHANISTAN, *et al.*,<br><br>    Defendants. | No. 22-CV-8901-JSR |

**NOTICE IN RESPONSE TO COURT'S INQUIRY CONCERNING INTERVENTION**

*Amici curiae* the Joint Taliban Creditors submit this notice in response to the Court's March 29, 2023 invitation to file a motion to intervene, as well as potentially to participate in an evidentiary hearing on the question of whether Da Afghanistan Bank ("DAB") and possibly the Islamic Emirate of Afghanistan ("IEA") are foreign state entities under the Foreign Sovereign Immunities Act ("FSIA"). *See* Transcript of March 29 Conference ("Tr.") at 13-15.

*Amici* greatly appreciate the Court's invitation and have considered it with the utmost respect. For the reasons discussed below, and upon further reflection and consultation among co-counsel, *amici* respectfully decline to move to intervene. As noted, the United States Government, which has asserted in related proceedings and by Executive Order that DAB remains Afghanistan's central bank, is better situated to address Plaintiffs' contention that DAB is now a "private bank." Compl. ¶ 108.

There are several reasons why *amici* have reached this conclusion.

*First*, intervention is not necessary to protect *amici*'s interest in the outcome of this action. *See* Fed. R. Civ. P. 24(a)(2). To the extent the *Bushnell* Plaintiffs are successful in obtaining judgments against the Islamic Emirate of Afghanistan or DAB—which *amici* believe is doubtful

1

in light of the issues noted in our *amicus* brief, Dkt. 44 ("Amicus Br.")—issues concerning the propriety of the underlying judgments and priority among judgment creditors can be resolved through the governing procedures under New York law, as incorporated through Rule 69(a). *See* N.Y. C.P.L.R. §§ 5225(b), 5239.[1] These procedures establish a mechanism to protect *amici*'s interests in post-judgment litigation about the DAB assets.

*Second*, as noted in the *amicus* brief, the Joint Taliban Creditors' entitlement to execute on the assets does not depend on overcoming the obstacles that the *Bushnell* Plaintiffs face in this action, and *amici* have not taken a formal position in their own litigation on certain issues that are before this Court. *See* Fed. R. Civ. P. 24(b)(1)(B). *Amici* hold final judgments against the Taliban. *Amici* moved for turnover pursuant to Section 201(a) of the Terrorism Risk Insurance Act—a statute that allows judgment creditors to execute on a terrorist judgment debtor's blocked assets "[n]otwithstanding any other provision of law," thus abrogating any otherwise applicable statutory immunity. *See* Amicus Br. at 3. By contrast, the *Bushnell* Plaintiffs can obtain a judgment against DAB only if it is not a foreign state entity or if an exception to the FSIA applies. *See id.* at 6-11. Accordingly, *amici* believe an *amicus* brief is the proper procedure for addressing the applicability of the FSIA's jurisdictional limits and noting the findings of other courts in this District on the same question.

*Third*, *amici* are working diligently to satisfy their own judgments by executing on the blocked assets of DAB. Judge Daniels denied *amici*'s motions for turnover, in part on sovereign

---

[1] *Vera v. Republic of Cuba*, 867 F.3d 310, 321 (2d Cir. 2017) ("Because the District Court lacked subject matter jurisdiction over Vera's action against Cuba, the subpoena served on BBVA to enforce the judgment entered in that action is void."); *Volloldo v. Ruz*, No. 14-MC-25, 2017 WL 4838780, at *7 (N.D.N.Y. Oct. 24, 2017) ("Defendants were immune from suit in the Florida action, and the Florida Judgment is void. Therefore, the Court lacks subject matter jurisdiction over this case, and it must be dismissed. Plaintiff's Turnover Motion must also be denied because the Court lacks jurisdiction to enforce it.").

immunity grounds, and *amici* are now appealing these issues to the Second Circuit. At this juncture, *amici*'s focus is on prevailing in their own proceedings, including preserving the ability to advance all potential arguments in support of their entitlement to execute on DAB's blocked assets.

*Amici* respectfully suggest that the Court may give further consideration to its *sua sponte* suggestion that the *Bushnell* Plaintiffs' claims against DAB be stayed pending the Second Circuit's disposition of related proceedings, including *amici*'s. Tr. at 10-11. In addition to *amici*'s appeal styled *Havlish v. Bin-Laden*, No. 23-258 (2d Cir.), the plaintiffs in *Owens v. Taliban* (who like the *Bushnell* Plaintiffs are victims of the 1998 embassy bombings) are appealing from Judge Caproni's denial of confirmation of a prejudgment writ of attachment over the DAB assets on sovereign immunity grounds.[2] The *Owens* appeal squarely presents the question of whether DAB is an agency or instrumentality of a foreign state under the FSIA. *See* Civil Appeal Pre-Argument Statement (Form C), Addendum B, in *Owens* (filed March 20, 2023), ECF No. 14-3 (discussing the issues the *Owens* Plaintiffs intend to raise on appeal). The *Owens* appeal is, therefore, likely to resolve whether DAB is a foreign central bank—a question essential to this Court's jurisdiction over DAB. *See* Amicus Br. at 6-7. As the Court suggested, *Bushnell* may be "the rare case," Tr. at 11, where it may be appropriate to hold applications for default judgment in abeyance until after the Second Circuit resolves that issue.

In the event the Court is inclined to move forward, *amici* note that the United States Government has consistently taken the position on which the Court is seeking argument adverse to Plaintiffs. The Executive Branch has asserted that DAB remains Afghanistan's central bank and

---

[2] *Owens v. Taliban*, No. 22-cv-1949-VEC (S.D.N.Y.); *on appeal*, No. 23-354 (2d Cir., filed Mar. 7, 2023) ("*Owens*").

therefore a foreign state entity under the FSIA notwithstanding the collapse of Afghanistan's former government. Indeed, in the February 2022 executive order blocking DAB's assets, the President expressly deemed DAB the "Central Bank of Afghanistan." *See* Exec. Order No. 14,064, 87 Fed. Reg. 8391 (Feb. 11, 2022), § 4(a); *see also* Amicus Br. at 9; Letter, *Owens v. Taliban*, No. 22-cv-1949-VEC (S.D.N.Y. Feb. 24, 2023), ECF No. 81 (collecting sources) ("[T]he United States has repeatedly confirmed in a number of contexts that the DAB is 'Afghanistan's central bank.'"); Brief (Statement of Interest) at 21, *In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570-GBD-SN (S.D.N.Y. Feb. 11, 2022), ECF. No. 7661 ("DAB is an agency or instrumentality of the State of Afghanistan under the FSIA's definition and thus is to be treated as a 'foreign state' for purposes of the FSIA.").

Accordingly, as the Court considers Plaintiffs' position that DAB and the IEA are not foreign states, including at the evidentiary hearing scheduled for May 19, 2023, the views of the Government may be particularly valuable, and the Court may wish to consider soliciting the Government's participation to ensure that it has the full benefit of adversarial briefing. *See* 28 U.S.C. § 517; *see also* Order, *Owens v. Taliban*, 22-CV-1949-VEC (S.D.N.Y. Feb. 03, 2023), ECF No. 80 (order of Judge Caproni soliciting the United States's position on sovereign immunity issues in a related proceeding).

## CONCLUSION

*Amici* thank the Court for its consideration of the views expressed in our *amicus* brief and at the March 29 hearing.

| | |
|---|---|
| Dated: April 10, 2022 | /s/ Lee Wolosky |
| | Lee Wolosky |
| | JENNER & BLOCK LLP |
| | 1155 Avenue of the Americas |
| | New York, NY 10036 |
| | (212) 891-1628 |
| | lwolosky@jenner.com |//

Dated: April 10, 2022

/s/ Lee Wolosky
Lee Wolosky
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1628
lwolosky@jenner.com

Douglass A. Mitchell (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6090
dmitchell@jenner.com

*Counsel for the Havlish Creditors, Plaintiffs in No. 03-CV-9848 (S.D.N.Y.)*

/s/ Orlando do Campo
Orlando do Campo
DO CAMPO & THORNTON, P.A.
150 S.E. 2nd Avenue, Ste. 602
Miami, FL 33131
(305) 358-6600
od@dandtlaw.com

*Counsel for Judgment Creditors John Does 1-7, Plaintiffs in No. 20-mc-740 (S.D.N.Y.)*

/s/ John B. Galligan, Esq.
John B. Galligan, Esq.
COZEN O'CONNOR
3 WTC
175 Greenwich St., 55th Floor
New York, NY 10007
Tel: (212) 908-1276
jgalligan@cozen.com

*Counsel for Judgment Creditors Federal Insurance Co., et al., Plaintiffs in No. 03-cv-6978 (S.D.N.Y.)*

/s/ James Edwin Beasley
James Edwin Beasley
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
(215)-592-1000
jbj@beasleyfirm.com

*Counsel for Judgment Creditors Estate of Smith, et al., Plaintiffs in No. 01-cv-10132 (S.D.N.Y.)*