UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRUDENCE BUSHNELL, et al.,

      Plaintiffs,

-v-

THE ISLAMIC EMIRATE OF
AFGHANISTAN, et al.,

      Defendants.

22-cv-8901 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

    Plaintiffs in the above-captioned case assert several claims arising out of the 1998 bombings of the United States Embassies in Nairobi, Kenya and Dar es Salaam, Tanzania. See Compl., ¶ 1. On May 5, 2023, plaintiffs filed an unopposed motion for a stay of proceedings as to defendant Da Afghanistan Bank and for entry of default as to all other defendants. For reasons explained below, that motion is hereby granted in part and denied in part.

    Defendant Da Afghanistan Bank is the central bank of Afghanistan. Id. at ¶ 107. On March 28, 2023 amici curiae -- comprising four separate groups of plaintiffs in other actions who hold an enforceable judgment against the Taliban arising out of an act of terrorism -- submitted a brief in which they argued that Da Afghanistan Bank is an "agency or instrumentality" of the state of Afghanistan under the Foreign Sovereign Immunities Act ("FSIA") and, therefore, presumptively immune to the jurisdiction of this Court. See 28 U.S.C. § 1604 (immunizing each "foreign state" from federal jurisdiction); §

1

1603(a) (deeming "foreign state" to include "an agency or instrumentality" of the state); see also S & S Mach. Co. v. Masinexportimport, 706 F.2d 411, 414 (2d Cir. 1983) ("State-owned central banks indisputably are included in the § 1603(b) definition of 'agency or instrumentality.'").

At a conference on March 29, 2023, counsel for amici noted that two interlocutory appeals now pending before the Second Circuit will likely address the question of whether Da Afghanistan Bank is an agency or instrumentality of the state of Afghanistan. See Fiona Havlish, et al. v. Sheikh Usama Bin-Laden, et al., Case No. 23-258 (2d Cir.); James Owens, et al. v. Taliban, Case No. 23-354 (2d Cir.); Conference of Mar. 29, 2023, Tr. 10:6-13. When that point was raised, this Court noted that the instant case might be the "rare case" that is appropriate for a stay pending the resolution of independent proceedings. Conference of Mar. 29, 2023, Tr. 11:6-7.

Plaintiffs then moved for such a stay. This Court, of course, has the inherent power to stay proceedings. See Landis v. North American Co Same v. American Water Works Electric Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The primary factors that bear on whether to grant such a stay include: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests

2

of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). Since the plaintiffs have asked for a stay, defendants have not appeared, and the public has little interest in the Court's hastening to carry out these proceedings while closely related and potentially dispositive appeals are pending, the primary factor that controls the Court's decision is the interest of the courts themselves. Since the Court agrees with plaintiffs that a stay would conserve judicial resources, it hereby grants plaintiffs' motion to stay proceedings with respect to Da Afghanistan Bank until the Havlish and Owens appeals have been adjudicated.

Turning now to plaintiffs' motion for entry of default with respect to all other defendants, the Court first notes that all plaintiffs were served by publication, Twitter, and/or email by no later than February 18, 2023. See ECF No. 41. Since more than 30 days have passed since February 18, 2023, default is appropriate with respect to all defendants that are not immunized by the FSIA. These non-immunized defendants include the Taliban,[1] The Haqqani Network, Sirajuddin Haqqani, Nasiruddin Haqqani, and Al-Qaeda. Accordingly, the Court hereby enters default with respect to those defendants and grants plaintiffs leave to request a Clerk's Certificate of Default as to these defendants.

---

[1] The United States does not recognize the Taliban as the government of Afghanistan.

Besides the defendants referenced above, the only other defendant is the entity styled the "Islamic Emirate of Afghanistan" in the plaintiffs' Complaint. If this entity is the <u>state</u> of Afghanistan, default cannot be entered with respect to it, for it was not served by any of the methods enumerated under the FSIA. <u>See</u> 28 U.S.C. § 1608(a) (permitting service of foreign states by four methods, which do not include publication, Twitter, or email). Plaintiffs, however, contend that default is nonetheless appropriate, since the "Islamic Emirate of Afghanistan" is merely an alias for the Taliban. If the "Islamic Emirate of Afghanistan" is merely an alias, as plaintiffs suggest, there is no need to enter default separately with respect to it, since the Court has already (through this Memorandum Order) entered default with respect to the Taliban. Plaintiffs' motion for entry of default with respect to the "Islamic Emirate of Afghanistan" is therefore denied.

SO ORDERED.

New York, NY
May 18, 2023

JED S. RAKOFF, U.S.D.J.